IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DAPHYNE BOWENS,** | § § § | |
| *Plaintiff*, | § § | **Civil Action No.** |
| v. | § § § | **ECF** |
| **AT&T SERVICES, INC.** | § § § | |
| *Defendant*. | § § | |

### PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

NOW COMES Plaintiff Daphyne Bowens and files this, her Original Complaint and Jury Demand, and respectfully shows the following:

### I.
### PARTIES

1. Daphyne Bowens is an individual who now resides in Kilgore, Texas.

2. AT&T Services, Inc. ("AT&T") is a Delaware Corporation with a principal place of business at 208 S. Akard, Dallas, Texas 75202. AT&T can be served by serving its registered agent, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

### II.
### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction to hear this complaint under 28 U.S.C. §1331 because this case asserts claims for violations of 42 U.S.C. § 12101 *et seq*.

4. Personal jurisdiction over Defendant is appropriate because Defendant operates its business in the State of Texas. Further, an exercise of jurisdiction will not offend traditional notions of fair play and substantial justice.

5. Venue is proper in this district under 42 U.S.C. §2000e-5(f)(3) because the alleged unlawful employment practices were committed in Dallas County, Texas.

## III.
## FACTS

6. Ms. Bowens first began working for AT&T on or about May 8, 2000 as a service representative.

7. Ms. Bowens was qualified for the positions she held with AT&T.

8. For the duration of her employment, Ms. Bowens always gave her best efforts to AT&T and its employees.

9. Indeed, Ms. Bowens had no disciplinary history prior to her request for reasonable accommodations and use of FMLA.

10. Ms. Bowens had every intention of working for AT&T until the time of her retirement.

11. Ms. Bowens suffers with chronic back pains, depression, and complications from a gastric bypass. These disabilities substantially limit major life activities such as walking, standing, and the operation of a major bodily function.

12. On or about March 8, 2010, Ms. Bowens was placed on a nine-month discipline plan for excessive absences after not receiving reasonable accommodations and exhausting her FMLA leave.

13. On or about March 28, 2011, due to a car accident, Ms. Bowens had arm surgery. When she returned to work, she could not type because her arm was in a sling.

14. Ms. Bowens did not request an accommodation. At this time, Ms. Bowens was ineligible for FMLA due to not working the required number of hours.

15. A few months later, on or about October 17, 2011, Ms. Bowens was rushed to the emergency room because her gallbladder was infected.

16. She later learned that she also had pneumonia. Due to her ineligibility for FMLA and being placed on "decision-making leave", Ms. Bowens continued to work, which caused her illness to worsen.

17. Starting around February 2012 to December 2013, Ms. Bowens was subjected to harassment for her attendance. At this time, she was ineligible for FMLA due to being out for her disabilities.

18. In December 2013, Ms. Bowens filed a harassment complaint against coworkers.

19. AT&T's human resources failed to respond to Ms. Bowens' complaint and failed to take prompt remedial action.

20. Later that month, in December 2013, Ms. Bowens' colon collapsed, and she had to wear a colostomy bag for a year.

21. Ms. Bowens was required to check and change her colostomy bag as needed throughout the day.

22. When she returned back to work in March 2014, Ms. Bowens needed additional bathroom breaks to check and change her colostomy bag. AT&T required Ms. Bowens to get an accommodation request from her doctor because Ms. Bowens was spending too much time in the bathroom.

23. Shortly thereafter, Ms. Bowens was criticized for having low performance numbers, even though management was aware of Ms. Bowens' disabilities and medical condition.

Management informed Ms. Bowens that the reason for her low number was due to her frequent bathroom breaks.

24. Between March 2014 and August 2015, Ms. Bowens had to have two more surgeries.

25. During this period, she was on and off disability leave. When she returned to work, she requested an accommodation for additional bathroom breaks.

26. In May 2015, Ms. Bowens' supervisor, Chiquita Campbell, informed Ms. Bowens that her request for extra additional bathroom breaks was denied due to the needs of the business.

27. Ms. Bowens' request for additional bathroom breaks was eventually approved until 2016.

28. In July 2015, Ms. Bowens was written up for disability-related absences that occurred between December 2014 and March 2015.

29. Ms. Bowens' doctor sent several accommodation requests to AT&T, which were all denied.

30. In May 2016, Ms. Bowens filed a grievance with human resources because she was being targeted for taking disability leave and requesting accommodations.

31. In her grievance, Ms. Bowens pointed out that AT&T did not follow its process regarding the clean desk policy.

32. Again, human resources did not contact or follow up with Ms. Bowens regarding her grievance.

33. During the last two years of Ms. Bowens' tenure with AT&T, managers consistently commented that people on disability/FMLA leave are causing the business to suffer.

34. Adrian Williams, a former Union Stewart, informed Ms. Bowens that she had been targeted because she was using too much FMLA and her disabilities.

35. It was reported that Cedric McKinney informed employees to report anyone who were posting on Facebook while on leave.

36. Management continued to make threats that employees would lose their jobs if they continued to take disability leave.

37. In the 4th quarter of 2017, Ms. Bowens and other employees were informed that they could be transferred or surplus.

38. In 2017, employees, including Ms. Bowens, were informed that they would be laid off.

39. Many employees who had disabilities, requested reasonable accommodations, and had taken leave were selected for the layoff.

40. This layoff terminated employees who were suffering with disabilities and needed reasonable accommodations.

41. Ms. Bowens filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission and has received his Notice of Right to Sue.

42. The EEOC made a cause finding in its investigation.

43. Ms. Bowens files this suit within the requisite 90 days of receiving said Notice of Right to Sue.

44. All conditions precedent to the bringing of this suit have been satisfied or have been fulfilled.

## IV.
## DISABILITY DISCRIMINATON

45. Plaintiff incorporates the preceding paragraphs as if fully stated herein.

46. AT&T violated the Americans with Disabilities Act As Amended when it discriminated against Ms. Bowens because of her disability and request for a reasonable

accommodation.

47. AT&T is engaged in an industry affecting commerce and has 15 or more employees during the relevant time period.

48. Plaintiff suffered and suffers from disabilities that limit one or more major life activities.

49. Ms. Bowens was qualified for her position.

50. AT&T's actions, including but not limited to its termination of Plaintiff and its failure to accommodate Plaintiff, were undertaken because of Ms. Bowens' disabilities in violation of 42 U.S.C. § 12101 *et seq*.

51. AT&T's actions were intentional and done with malice or reckless disregard.

52. Because of the actions of AT&T, Ms. Bowens suffered damages within the jurisdictional limits of this court.

## V.
## DISABILITY RETALIATION

53. Plaintiff incorporates the preceding paragraphs as if fully stated herein.

54. As described above, AT&T's actions constitute unlawful retaliation on the basis of Ms. Bowens protected activity in violation of the ADAAA and the TCHRA. The employment practices complained of above were intentional.

55. Ms. Bowens engaged in activities protected under federal and state law, including filing complaints to HR and requesting reasonable accommodations.

56. AT&T subjected Ms. Bowens to adverse employment action by disciplining her and terminating her employment.

57. AT&T subjected Ms. Bowens to these adverse employment actions because of her engagement in protected activity.

58.   Because of the actions of AT&T, Ms. Bowens has suffered damages within the jurisdictional limits of this Court.

## VI.
## JURY DEMAND

59.   Plaintiff hereby makes a demand for a trial by jury on all issues, claims and defenses in this action.

## VII.
## ATTORNEY FEES & COSTS

60.   Plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. § 12205.

## VIII.
## PRAYER

61.   For these reasons, Plaintiff respectfully requests that the above-named Defendant be cited to appear in this matter and that, after jury trial by proof, he be awarded:

    i.   Back pay, including but not limited to, lost wages (salary and commissions) and other employment benefits;

    ii.   Reinstatement to Plaintiff's position of employment, equivalent position of employment, or the position of employment Plaintiff would have enjoyed but for the discrimination and retaliation;

    iii.   In the event that reinstatement is not feasible, front pay with respect to all pay and benefits Plaintiff would have received but for the termination;

    iv.   Judgment against Defendant for compensatory damages including emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life;

    v.      Actual damages;

    vi.     Punitive damages;

    vii.    Judgment against Defendant for Plaintiff's reasonable attorneys' and experts' fees; and costs of suit; and

    viii.   Prejudgment and post-judgment interest as allowed by law;

    ix.     Such other and further legal and/or equitable relief to which Plaintiff may be justly entitled.

Respectfully submitted,

By: */s/ Deontae D. Wherry*
Deontae D. Wherry
Texas Bar No. 24106566
dwherry@robwiley.com
Robert J. Wiley
Texas Bar No. 24013750
*Board Certified Specialist, Texas Board of Legal Specialization, Labor and Employment Law*

LAW OFFICE OF ROB WILEY, P.C.
2613 Thomas Ave.
Dallas, TX 75204
Phone: (214) 528-6500
Fax: (214) 528-6511

**ATTORNEYS FOR PLAINTIFF**